

J. THOMAS BECKETT (5587)
DIANNA M. GIBSON (7533)
PARSONS BEHLE & LATIMER
Attorneys for Freightliner
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT 84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SIMON TRANSPORTATION SERVICES, INC.; DICK SIMON TRUCKING, INC.; AND SIMON TERMINAL, LLC,<br><br>Debtors. | Bankruptcy Case No. 02-22906<br>Bankruptcy Case No. 02-22907<br>Bankruptcy Case No. 02-24874<br>(Jointly Administered) |
| FREIGHTLINER LLC AND FREIGHTLINER MARKET DEVELOPMENT CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**<br><br>Judge Glen E. Clark<br><br>Adv. No. _____<br><br>03 P-2251 GEC |

536416.1



0302251D1

Freightliner LLC (f/k/a/ Freightliner Corporation) and Freightliner Market Development Corporation (together, "Freightliner") allege as their Complaint for Declaratory Judgment and Injunctive Relief against the Official Committee of Unsecured Creditors in the above-captioned bankruptcy case (the "Committee") as follows:

## PARTIES AND JURISDICTION

1. Freightliner is a Delaware corporation having its principal place of business in Portland, Oregon.

2. The Committee is the official committee of unsecured creditors in the above-captioned bankruptcy case.

3. This is an action for declaratory judgment pursuant to Title 28, United States Code, § 2201, for the purpose of determining a question of actual controversy between the parties.

4. This is a core proceeding as defined by 28 U.S.C. § 157 and arises under Title 11 of the United States Code and relates to the above-captioned Chapter 11 bankruptcy case.

5. Jurisdiction and venue in this Court are proper pursuant to Title, 28, United States Code, § 1334 and 1409, as well as Title 11, United States Code, § 365.

536416.1

## GENERAL ALLEGATIONS

6. Freightliner and Dick Simon Trucking ("Simon"), one of the debtors in this bankruptcy case, are party to four Conditional Commitment to Repurchase Agreements (the "Trade-backs").

7. Pursuant to the Trade-backs, Freightliner granted Simon a conditional option to return the trucks identified in each of the Trade-backs, for a specified price, to Freightliner in connection with Simon's purchase of new trucks from Freightliner.

8. Pursuant to this Court's April 29, 2003 Order Denying Motion to Reconsider (the "Order"), the Committee is authorized to conduct an auction (the "Auction") at which the Trade-backs will be sold to the highest bidder(s).

9. The Order has been timely appealed.

10. Pursuant to its Notice of Auction of Tradeback Agreements (the "Notice"), the Committee proposes to auction the Trade-backs on Friday, June 20, 2003.

11. Freightliner has taken the position, on the record in this case, that the Committee should agree to hold the winning bid in escrow until the Order is final and non-appealable.

12. The Committee has refused to agree, in the Notice or otherwise, to escrow the winning bid. Presumably, the Committee intends to disburse the proceeds of the

536416.1

Auction in the near future, to administrative, secured or unsecured creditors in this case (the "Creditors"), and before the Order is final.

13. Both Freightliner and Central Refrigerated Service – the two most probable bidders – contend that they will prevail on appeal. As both are reluctant to lose their bids, neither is likely to bid fully unless their bids are protected pending a final outcome of the appeals. The Committee's refusal to escrow the winning bid, therefore, will likely result in a lesser recovery for the Creditors.

14. Furthermore, if Freightliner is the winning bidder at the Auction, and if it prevails on appeal, it will be entitled to recover the amount of its bid from the Committee. And if the committee has disbursed the Auction proceeds before that time, the Committee will be required to recover those proceeds from the Creditors, or else Freightliner will be entitled to recover those funds from the Creditors directly.

15. The Committee disputes that Freightliner would ever be entitled to recover its bid from it or from the Creditors.

16. Concurrently, Freightliner is filing a separate adversary proceeding against the Committee and certain "John Doe Defendants" (as that term is used therein) seeking a declaratory judgment regarding the Committee's proposal to auction the Trade-backs by vehicle rather than by contract.

536416.1

## FIRST CLAIM FOR RELIEF

(Declaratory Relief)

17. Freightliner Companies incorporates by reference paragraphs 1 through 16 of this Complaint.

18. There exists a justiciable dispute between Freightliner and the Committee regarding whether, and in what circumstances, the Committee will be obligated to return the winning bid if Freightliner prevails in its appeal.

19. Freightliner seeks and is entitled to a judgment declaring the respective rights and obligations of the parties on this issue.

## SECOND CLAIM FOR RELIEF

(Injunctive Relief)

20. Freightliner Companies incorporates by reference paragraphs 1 through 19 of this Complaint.

21 Perpetuation of the extant disputes between Freightliner and the Committee poses a threat of irreparable injury to Freightliner.

22. Perpetuation of these disputes also poses a threat of irreparable injury to the Creditors.

536416.1

23.     Freightliner therefore seeks and is entitled to a temporary, preliminary and permanent injunction prohibiting the Committee from disbursing the proceeds of the Auction until the Order is a final and non-appealable order.

25.     Further, but only if the winning bidder at the Auction is a John Doe Defendant, Freightliner further seeks and is entitled to a temporary, preliminary and permanent injunction prohibiting the Committee from disbursing the proceeds of the Auction until a final and non-appealable order is entered in Freightliner's concurrently-filed lawsuit against the Committee and the John Doe Defendants.

26.     The issuance of the injunctions sought herein will benefit both Freightliner and the Creditors and cause no party any harm. So long as the Committee mitigates by depositing the bid proceeds in a separate, interest-bearing escrow account, the Creditors will ultimately receive the most they are entitled to.

## PRAYER FOR RELIEF

**WHEREFORE**, Freightliner seeks the entry of an order and judgment of this Court:

1.      Temporarily, preliminarily and permanently enjoining the Committee from disbursing the proceeds of the Auction until the Order is a final, non-appealable order;

536416.1

2. In the event any successful bidder at the Auction is a John Doe Defendant, temporarily, preliminarily and permanently enjoining the Committee from disbursing the proceeds of the Auction until a final and non-appealable order is entered in Freightliner's concurrently-filed litigation against the Committee and the John Doe Defendants; and

3. Granting such other and further relief as is just and reasonable in the circumstances.

DATED this 17th day of June 2003.

PARSONS BEHLE & LATIMER

_____
201 S. Main St.
Suite 1800
Salt Lake City, Utah 84111
Attorneys for Freightliner

Plaintiffs' Address:

4747 N. Channel Ave.
Portland, OR 97217
Phone (503) 745-8000
Fax (503) 745-7959

536416.1