J. THOMAS BECKETT (5587)
DIANNA M. GIBSON (7533)
PARSONS BEHLE & LATIMER
Attorneys for Freightliner
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT 84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SIMON TRANSPORTATION SERVICES, INC.; DICK SIMON TRUCKING, INC.; AND SIMON TERMINAL, LLC,<br><br>Debtors. | Bankruptcy Case No. 02-22906<br>Bankruptcy Case No. 02-22907<br>Bankruptcy Case No. 02-24874<br>(Jointly Administered) |
| FREIGHTLINER LLC. & FREIGHTLINER MARKET DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF FREIGHTLINER'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge Glen E. Clark<br><br>Adv. No. 03-P-2251 GEC |

536554.1


0302251D3

Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure and Rule 65 of the Federal Rules of Civil Procedure, plaintiff Freightliner LLC, (f/k/a Freightliner Corporation) and Freightliner Market Development Corporation (together, "Freightliner") submit this Memorandum in Support of their Motion for Preliminary Injunction to enjoin the Official Committee of Unsecured Creditors (the "Committee") from disbursing the proceeds of the June 20, 2003 Auction of Trade-back Agreements, and directing the Committee to place those funds into an interest-bearing escrow account, pending final resolution of Freightliner's and Central's appeals.

## INTRODUCTION

Freightliner's Motion for Preliminary Injunction to enjoin the Committee from distributing the auction proceeds and to direct the Committee to place the funds into an interest-bearing escrow account is, in all respects, in the best interests of all parties. Freightliner has satisfied all four requirements for issuance of a preliminary injunction: (1) Freightliner, the Committee and the Creditors will suffer irreparable harm if the Auction proceeds are disbursed prior to the resolution of the appeals; (2) The harm to Freightliner, the Committee and the Creditors by the refusal to escrow greatly outweighs any possible—albeit unlikely—damage the injunction may cause; (3) An injunction is not adverse to the public interest, and is in the best interest of all interested parties here; and (4) Freightliner's issues regarding whether the Trade-backs are executory and whether Freightliner can recover its bid from the Committee and/or the Creditors are serious, substantial, difficult and doubtful issues that are fair grounds for

litigation. Accordingly, this Court should grant Freightliner's Motion for preliminary injunction and direct the Committee to escrow the auction proceeds, pending resolution of the appeals.

## STATEMENT OF FACTS

The facts relevant to this Motion are set forth in the Complaint for Declaratory and Injunctive Relief, which was filed contemporaneously herewith and served on the Committee on June 17, 2003. The facts contained in the Complaint are summarized as follows:

1. Freightliner and Dick Simon Trucking ("Simon"), one of the debtors in this bankruptcy case, are party to four Conditional Commitment to Repurchase Agreements (the "Trade-backs").

2. Pursuant to the Trade-backs, Freightliner granted Simon a conditional option to return the trucks identified in each of the Trade-backs, for a specified price, to Freightliner in connection with Simon's purchase of new trucks from Freightliner.

3. Pursuant to this Court's April 29, 2003 Order Denying Motion to Reconsider (the "Order"), the Committee is authorized to conduct an auction (the "Auction") at which the Trade-backs will be sold to the highest bidder(s).

4. The Order has been timely appealed.

5. Pursuant to its Notice of Auction of Tradeback Agreements (the "Notice"), the Committee proposes to auction the Trade-backs on Friday, June 20, 2003.

6. Freightliner has taken the position, on the record in this case, that the Committee should agree to hold the winning bid in escrow until the Order is final and non-appealable.

7. The Committee has refused to agree, in the Notice or otherwise, to escrow the winning bid. Presumably, the Committee intends to disburse the proceeds of the Auction in the near future, to administrative, secured or unsecured creditors in this case (the "Creditors"), and before the Order is final.

8. Both Freightliner and Central Refrigerated Service – the two most probable bidders – contend that they will prevail on appeal. As both are reluctant to lose their bids, neither is likely to bid fully unless their bids are protected pending a final outcome of the appeals. The Committee's refusal to escrow the winning bid, therefore, will likely result in a lesser recovery for the Creditors.

9. Furthermore, if Freightliner is the winning bidder at the Auction, and if it prevails on appeal, it will be entitled to recover the amount of its bid from the Committee. And if the committee has disbursed the Auction proceeds before that time, the Committee will be required to recover those proceeds from the Creditors, or else Freightliner will be entitled to recover those funds from the Creditors directly.

10. Concurrently, Freightliner is filing a separate adversary proceeding against the Committee and certain "John Doe Defendants" (as that term is used therein) seeking a declaratory judgment regarding the Committee's proposal to auction the Trade-backs by vehicle rather than by contract.

536554.1                                                       4

## ARGUMENT

I. **FREIGHTLINER IS ENTITLED TO A PRELIMINARY INJUNCTION ENJOINING THE COMMITTEE FROM DISBURSING THE PROCEEDS OF THE JUNE 20, 2003 AUCTION OF TRADE-BACK AGREEMENTS AND TO DIRECT THE COMMITTEE TO PLACE THE FUNDS INTO AN INTEREST-BEARING ESCROW ACCOUNT, PENDING RESOLUTION OF FREIGHTLINER'S APPEAL.**

To obtain a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, the moving party must show that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. See Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1998 (10th Cir. 1992) (citing Tri-State Generation & Trans. Ass'n, Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 354 (10th Cir. 1986)); see also In re Arrow Huss, Inc., 51 B.R. 853, 858 (Bankr. D. Utah 1985). If the moving party satisfies the first three elements, the standard for meeting the fourth requirement, "likelihood of success on the merits," is relaxed. In such a case, the moving party need only show that the issues are so "serious, substantial, difficult, and doubtful as to make them a fair ground for litigation." Tri-State Generation, 805 F.2d at 358.

Freightliner is not requesting that this Court stay the Auction or delay the sale of the Trade-backs. Freightliner merely asks that the proceeds of the sale be placed in an

interest-bearing escrow account, pending a final resolution of Freightliner's and Central's appeals. For all of the reasons discussed herein, this case presents the appropriate circumstances for preliminary and permanent injunctive relief under Rule 65.

### A. Freightliner, the Committee and the Creditors Will Suffer Irreparable Harm If the Committee Is Not Enjoined From Disbursing the Proceeds of the Auction.

If the Committee is not enjoined from disbursing the proceeds of the Auction and it turns out that Freightliner is both the highest bidder at the Auction and successful on appeal, Freightliner will lose its bid and will likely have to initiate litigation against either the Committee or the Creditors, or both, in order to recover its improperly disbursed bid. The result is needless additional litigation, and expense, delay and uncertainty for all involved.

In addition, in the absence of an order by this Court directing the Committee to escrow the funds, the reality is that neither Freightliner nor Central—the two most likely bidders—will make a competitive bid if there is no guarantee that the successful party on appeal (if there is one) can recoup the winning bid. As both are reluctant to lose their bids, neither is likely to bid fully unless their bids are protected pending a final outcome of the appeals. The Committee's refusal to escrow the winning bid, therefore, will likely result in a significantly lesser recovery for the Creditors. See, e.g., Tedesco v. Mishkin, 53 B.R. 120, 123 (S.D.N.Y. 1985) (rejecting investor's request to stay sale of property due to potential loss of willing buyer, but directing escrow of proceeds

536554.1                                    6

pending resolution of litigation with debtor). The Committee's refusal to escrow the winning bid also may expose both the Committee and Creditors to the risk of later litigation.

Under these circumstances, an order directing the Committee to escrow the proceeds is not only appropriate, it is the only logical solution.

> B. **Directing The Committee To Escrow The Proceeds Of The Sale, In An Interest-Bearing Account Will Harm Neither The Committee Nor the Creditors; Accordingly, The Threatened Harm to Freightliner By the Committee's Refusal to Escrow the Funds Greatly Outweighs Any Possible Harm An Injunction May Cause the Committee.**

Without the injunction, Freightliner may be at risk of losing its bid. On the other hand, the requested preliminary injunction presents no realistic injury or detriment to the Committee or the Creditors. Freightliner is not seeking to prevent the Committee from selling the Trade-backs now nor is it seeking to prevent the Committee from obtaining the highest possible bid for the Trade-backs. In fact, an order directing the Committee to escrow the highest bid in an interest-bearing account, pending resolution of Freightliner's and Central's appeals, will generate the highest possible bid for the Trade-backs and, during the pendency of the appeals, will generate interest income that may be paid out to the Creditors if this Court's Order is affirmed. There is no downside to the Committee or the Creditors if the proceeds of the Auction are distributed after the resolution of Freightliner's and Central's appeal.

C.   **A Preliminary Injunction Preventing the Committee From Disbursing the Proceeds of the Auction Is Not Adverse to The Public Interest.**

An order enjoining the Committee from distributing the proceeds of the Auction, pending resolution of the pending appeals, is not adverse to the public interest. In fact, it is in the best interest of all parties involved. By depositing the Auction proceeds in an interest-bearing escrow account, the Committee will effectively fulfill its duty to obtain the highest possible bid for the Trade-backs. The Creditors will receive the most they are entitled to, without risking involvement in future litigation. And, both Freightliner and Central will be able to obtain a full and fair review of the April 29, 2003 Order and receive final resolution as to the enforceability of the Trade-backs.

D.   **Whether The Trade-backs Are Executory Contracts, Subject To Assumption And Assignment, And Whether Freightliner Can Recover Its Bid From the Committee Or The Creditors, Are Serious, Substantial, Difficult and Doubtful Issues That Are Fair Ground For Litigation.**

As stated above, if the moving party satisfies the first three elements, the standard for meeting the fourth requirement, "likelihood of success on the merits," is relaxed. In such a case, the moving party need only show that the issues are so "serious, substantial, difficult, and doubtful as to make them a fair ground for litigation." Tri-State Generation, 805 F.2d at 358. Here, Freightliner has satisfied the first three elements. With regard to the fourth, the issues presented by Freightliner regarding whether or not the Trade-backs are executory contracts under Section 365 of the Bankruptcy Code is fair ground for litigation. Until resolved on appeal, the issue of whether the Trade-backs are enforceable, i.e., whether the Trade-backs could be

536554.1                                         8

assigned by Simon and assumed by any third-party is a serious, substantial, difficult and doubtful issue that, until there is a final non-appealable order, provides no certainty for any party to any Trade-back. Likewise, the issue underlying this litigation—whether Freightliner can recover its bid from the Committee and the Creditors—poses similarly vexing issues.

II. **THIS COURT HAS BROAD DISCRETION TO FASHION INJUNCTIVE RELIEF TO PREVENT ANY HARM TO FREIGHTLINER, THE COMMITTEE AND THE CREDITORS.**

This Court has broad discretion and the power to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." See 11 U.S.C. § 105(a). Other courts have fashioned similar remedies in bankruptcy cases to provide adequate and appropriate remedies for all parties involved. See, e.g., Tedesco, 53 B.R. at 123 (directing proceeds be escrowed, while rejecting requested stay of sale in adversary proceeding). Under the circumstances, the injunctive relief requested is appropriate and reasonable under the circumstances to protect the interests of all parties and to obtain the highest possible recovery for the Creditors. This Court has the discretion to order such relief.

III. **NO BOND OR SECURITY IS REQUIRED BECAUSE THERE IS NO LIKELIHOOD OF HARM TO THE COMMITTEE OR THE CREDITORS.**

Under Rule 65(c), a bond is unnecessary if "there is an absence of proof showing a likelihood of harm." Coquina Oil Corp. v. Transwestern Pipeline Co., 825 F.2d 1461, 1462 (10th Cir. 1987); see also Sac & Fox Nation of Missouri v. LaFaver, 905 F. Supp. 904,

536554.1                                                                 9

908 (D. Kan. 1995) (holding bond unnecessary where there is absence of proof of harm). In this case, requiring the Committee to escrow the Auction proceeds cannot possibly harm the Committee or the Creditors. In fact, it will provide the highest and best return to the Creditors.

## CONCLUSION

Based on the foregoing, Freightliner requests the entry of a preliminary injunction enjoining the Committee from distributing the proceeds of the June 20, 2003 Auction, and directing that such proceeds be escrowed in an interest-bearing account, pending resolution of Freightliner's and Central's appeals. Further, in the event of a purchase at the Auction of a Trade-back right by a John Doe Defendant, Freightliner also requests the entry of a preliminary injunction enjoining the Committee from distributing such proceeds until a final, non-appealable order is entered in respect of its concurrently-filed action for declaratory judgment.

Respectfully submitted this 17th day of June 2003.

PARSONS BEHLE & LATIMER

_____
J. THOMAS BECKETT
DIANNA M. GIBSON
PARSONS BEHLE & LATIMER
Attorneys for the Freightliner Companies

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June 2003, I caused to be hand delivered a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF FREIGHTLINER'S MOTION FOR PRELIMINARY INJUNCTION** to:

> Michael N. Emery
> Wayne Z. Bennett
> RICHARDS BRANDT MILLER & NELSON
> *Counsel Central Refrigerated Services, Inc.*
> 50 South Main Street
> P.O. Box 2465
> Salt Lake City, Utah 84110-2465
>
> Peter W. Billings, Esq.
> Gary E. Jubber, Esq.
> FABIAN & CLENDENIN
> *Counsel for Unsecured Creditors' Committee*
> 215 South State Street
> 12th Floor
> Salt Lake City, UT 84111
> (801) 531-8900
>
> Laurie Crandall
> U.S. Trustee's Office
> #9 Exchange Place
> Suite 100
> Salt Lake City, UT 84111-2147

_____